(126 So. 504)

No. 30190.

**STATE v. GARY.**

Feb. 3, 1930.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. Atty. Gen., for the State.

Dhu Thompson, of Ruston, for appellee.

BRUNOT, J. The defendant was prosecuted upon an affidavit charging him with violating section 83 of Act 296 of 1928, the specific charge being that he operated a truck for Terrill Brothers without first obtaining a chauffeur's license. Counsel for defendant moved to quash the affidavit upon four grounds, viz.:

1. That no offense, under the Constitution and laws of Louisiana, is charged.

2. That defendant is a laborer within the meaning of section 8 of article 10 of the Constitution and is not subject to a license tax.

3. That sections 75 and 90 of Act 296 of 1928 are conflicting penal clauses, and fix penalties by reference to other laws, in violation of constitutional prohibition.

4. That section 83 of Act 296 of 1928 is ambiguous and not enforceable.

Evidence was heard upon the motion, and the judge found that the defendant is a "laborer" within the meaning of section 8 of article 10 of the Constitution of 1921, and therefore sustained the motion and discharged the defendant. The state appealed and filed the transcript in this court timely, but, when the case was called for argument, the Assistant Attorney General announced to the court that he saw no merit in the appeal and desired to dismiss it, but, as counsel for appellee declined to consent thereto, the appeal cannot be dismissed; therefore he would not file a

brief and would submit the case without argument.

Finding, from the facts, as they are stated by the trial judge, that the motion to quash the affidavit was properly sustained, the appellee can have no interest in and cannot be prejudiced by this court's refusal to pass upon the constitutionality of any of the provisions of Act No. 296 of 1928.

For these reasons the judgment appealed from is affirmed.